IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GLENN THOMAS MELLOR,

    Plaintiff,

    v.

UNION TOWNSHIP,

    Defendant.

CIVIL DIVISION

Case No.  2:18-cv-901

## COMPLAINT AND JURY DEMAND

A.    *Preliminary Statement*

1.    The plaintiff Glenn Thomas Mellor brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* to redress violations of his right to be free from employment discrimination and retaliation based upon his gender.  Because of the violations described herein, this Court is also empowered to exercise pendant jurisdiction pursuant to the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 *et seq.*  A jury trial is demanded.

B.    *Jurisdiction*

2.    The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e *et seq.*, 28 U.S.C. § 1331 and under the doctrine of pendant jurisdiction.

3.    On or about June 8, 2017 and October 13, 2017, the plaintiff timely filed charges alleging discrimination with the Equal Employment Opportunity Commission ("EEOC"), docketed at 533-2017-01014 and 533-2018-00074, respectively.  These charges were simultaneously cross-filed with the Pennsylvania Human Relations Commission.

4.    The EEOC issued Notices of Right to Sue for both of the charges identified above on April 23, 2018.

5.    This complaint is filed within 90 days of receipt by the plaintiff of the Notices of Right to Sue.

C.    ***The parties***

6.    The plaintiff Glenn Thomas Mellor is an adult individual who resides at 1143 Sugar Run Road, Venetia, Washington County, PA 15367.

7.    The defendant Union Township is a township in Washington County, Pennsylvania doing business in this Commonwealth, and, specifically, in this district.  Union Township maintains an office at 3904 Finleyville-Elrama Road, Finleyville, Washington County, PA 15332.

D.    ***Factual Background***

8.    The plaintiff was employed by the defendant from January 27, 2015 until June 12, 2017, at which time the defendant terminated his employment.  At the time of his termination, his job title was Road Superintendent.

9.    The plaintiff's duties as Road Superintendent included: management of the road crew; maintenance of 32 miles of roadway within the Township; responsibility for snow removal, road drainage, paving projects, bridge inspections and maintenance of the municipal building; management of personnel and relevant records; working with the Township engineers; handling and responding to inquiries and complaints from Township residents; and reporting to the Township Board of Supervisors.

10.    At all times relevant, the plaintiff performed the functions of his job competently and efficiently and was considered to be a satisfactory employee.

11.     The plaintiff's supervisors were the members of the Township Board of Supervisors, namely, Larry Spahr, Charles Trax, Paul Chasko, Heather Daerr and Deborah Sargent.

12.     While the plaintiff was employed by Union, he was subjected to an incident of sexual harassment – as detailed below -- and his termination was a result of discriminatory animus and in retaliation for raising a complaint about the incident and in retaliation for his attempts to get the matter resolved.

13.     The plaintiff was subjected to sexual harassment, including offensive and unwelcome physical contact in an incident that occurred on a date between mid-August 2016 and September 2016 involving Supervisor Heather Daerr.  This incident and its aftermath was the subject of a charge of discrimination filed with the Equal Employment Opportunities Commission on June 8, 2017 and docketed at 533-2017-01014.  Because this incident is directly related to the plaintiff's termination on June 12, 2017, the relevant facts are set forth below.

(a)     The plaintiff was in a meeting with Supervisors Paul Chasko and Heather Daerr to discuss the Sunoco pipeline crossing on Patterson Road in the Township.  During the meeting, the plaintiff was seated in a chair on the far right-end of the conference table in the Township's public meeting room.  Supervisor Paul Chasko was sitting on the conference table in front of the plaintiff and Supervisor Heather Daerr was sitting in a chair immediately to the plaintiff's left.

(b)     During the course of the meeting, Supervisor Heather Daerr pushed her right leg up against the plaintiff's left leg, which caused him to feel uncomfortable and to move as far away as possible from her.  Despite this attempt to extricate himself from the uncomfortable situation, Supervisor Heather Daerr moved closer to him and repeated this action.

(c)     The plaintiff leaned forward on the conference table and motioned toward Supervisor Paul Chasko in an attempt to bring his attention to what Supervisor Heather Daerr was doing.

(d)     The plaintiff again attempted to move away from Supervisor Heather Daerr a second time, but she put her leg between his two legs and "jerked"

3

his leg towards her. Supervisor Heather Daerr did not speak during the meeting and, at its conclusion, she simply got up and left the room

14.    After Supervisor Heather Daerr left the meeting, the plaintiff told Supervisor Paul Chasko about what had transpired.  Supervisor Chasko did not visibly react to this information.

15.    A couple days later, the plaintiff was in the maintenance shop and saw Supervisor Larry Spahr come in.   The plaintiff told Supervisor Larry Spahr what had happened in the conference room.  To the plaintiff's surprise, Spahr found the incident humorous and laughed about it.  The plaintiff said that as long as nothing further happens, he would just let the whole thing go; he just wanted Spahr to be informed and to take any measures that he deemed appropriate to make sure that the plaintiff was not subjected to any further harassment.

16.    About a week after the incident, the plaintiff discussed it with Deborah Nigon, the Township secretary.  Judith Taylor, the Township treasurer, overheard what was said and joined the conversation.  They were shocked by Supervisor Dearr's actions.

17.    Some months later, in approximately January 2017, the plaintiff had a conversation with the Township's solicitor about the incident.  The plaintiff wanted to make sure that the solicitor was aware about what happened and the plaintiff told him that as long as nothing further happened, the plaintiff would consider the issue to be resolved and closed.

18.    The Township did not have any personnel policies regarding sexual harassment at the time of the incident.  Despite a lack of formal Township policy regarding sexual harassment, the plaintiff felt that he had a duty to bring the incident to the attention of the Board of Supervisors.

19.    Subsequently, the Board of Supervisors engaged outside counsel, Phil Binotto, Esquire to "investigate" the incident and to prepare a report.  The plaintiff was advised that his "allegations" of sexual harassment had "no basis in fact" and that the plaintiff had been "totally

untruthful in his complaint against Ms. Daerr." Mr. Binotto came to the conclusion that the "overwhelming weight of the evidence indicates that [the plaintiff] willfully manufactured a false claim of sexual harassment for no legitimate purpose, and in an effort to obtain leverage on the Township relative to his terms and conditions of employment and/or to cause embarrassment and political harm to Supervisor Daerr." However, this report was not accurate or correct and was intended to create a pretext for the plaintiff's termination in retaliation for his complaint.

20.    On June 12, 2017, the Board of Supervisors voted to terminate the plaintiff's employment and the plaintiff was notified of this decision by letter dated June 13, 2017 authored by the Township's solicitor.

21.    The reasons given for the plaintiff's termination were mere pretexts and the real reason for his termination was in retaliation for having raised a sexual harassment complaint against Daerr. Further, the plaintiff was terminated because of his gender.

### FIRST CAUSE OF ACTION

22.    The preceding paragraphs are incorporated herein by reference as if they were set forth at length.

23.    The plaintiff is male and thus is protected against discrimination and retaliation on the basis of his gender under Title VII.

24.    The plaintiff was qualified for his position.

25.    As detailed above, the plaintiff was subjected to an incident of sexual harassment by one of the Supervisors of the Township Board of Supervisors and attempted to bring it to the attention of the appropriate individuals so that the matter could be addressed and resolved.

26.    Instead of addressing his concerns and taking appropriate actions, the defendant retaliated against the plaintiff by terminating the plaintiff's employment and thereby protecting the person who sexually harassed him.

27.    Despite his qualifications, the plaintiff was terminated.  The reasons given for his discharge were a pretext.

28.    The defendant's harassment, retaliation against and discharge of the plaintiff were in violation of Title VII.

29.    The defendant's violations of Title VII were committed with intentional or reckless disregard for the plaintiff's federally protected right to work in an environment free of gender discrimination.

## SECOND CAUSE OF ACTION

30.    The preceding paragraphs are incorporated herein by reference as if they were fully set forth herein.

31.    As a direct and proximate cause of its actions, detailed above, the defendant has violated the plaintiff's right to be free from discrimination, harassment and retaliation under the Pennsylvania Human Relations Act, 43 Pa. C.S.A. § 951 *et seq.*

WHEREFORE, the plaintiff respectfully requests judgment be entered in his favor and against the defendant and that the defendant be required to provide all appropriate remedies under Title VII and the PHRA, including attorney's fees and costs.

Respectfully submitted,

/s/ Michael J. Bruzzese

Michael J. Bruzzese
Pa. I.D. No. 63306

2315 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219

(412) 281-8676

Counsel for the plaintiff

Dated:  July 11, 2018